UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEFANNY ANDREA CEBALLOS-
ACOSTA,

                Petitioner,

v.

KEVIN RAYCRAFT,

                Respondent.

_____/

Case No. 1:26-cv-599

Honorable Robert J. Jonker

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I.      Procedural History**

In Petitioner's § 2241 petition and supplement, Petitioner challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (Pet., ECF No. 1, PageID.3; Supplement, ECF No. 5.)

In an order entered on February 27, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondent filed his response on March 4, 2026, (ECF No. 6), and Petitioner filed her reply the same day, (ECF No. 8).

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. (Notice to Appear (NTA), ECF No. 1-1, PageID.17.) Petitioner entered the United States on or about February 14, 2024, at or near Eagle Pass, Texas, without inspection. (*Id*.) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner, and at that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who entered into the United States at any time or place other than as designated by the Secretary of the Department of Homeland Security." (*Id*.; Form I-213, ECF No. 6-1, PageID.43.) Petitioner was then released on her own recognizance. (Notice of Custody Determination, ECF No. 1-1, PageID.18.) Petitioner subsequently filed an application for asylum and withholding of removal. (Pet., ECF No. 1, PageID.2; Second Order Immigration Judge, ECF No. 6-4, PageID.54.)

On or about October 25, 2025, Petitioner was arrested for domestic violence and detained at the Clermont County Jail in Clermont County, Ohio. (Form I-213, ECF No. 6-1, PageID.43.) The charge was later amended to disorderly conduct. (*Id*.) On November 6, 2025, ICE agents were notified that Petitioner was ready to be released from local police custody. (*Id*.) The next day, ICE agents arrested Petitioner. (*Id*.)

Thereafter, Petitioner requested a custody redetermination. (First Order Immigration Judge, ECF No. 6-2, PageID.46.) In an order entered on February 11, 2026, the Detroit Immigration Court denied Petitioner's request for a change in custody status and found, *inter alia*,

that DHS had proved by clear and convincing evidence that Petitioner was a danger to the community. (*Id*). Petitioner waived her right to appeal that order. (*Id*., PageID.47.)

In an order entered on February 26, 2026, the Detroit Immigration Court denied Petitioner's application for asylum and withholding of removal and ordered that Petitioner be removed to Venezuela. (Second Order Immigration Judge, ECF No. 6-4, PageID.54, 56.) Petitioner appealed that order, and there is no indication in the record before the Court that this appeal has been completed. (Reply, ECF No. 5, PageID.60.) Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA.[1] *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of

---

[1] Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.     Discussion

In this case, Petitioner received a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court, which resulted in the denial of Petitioner's request for a change in custody status. (First Order Immigration Judge, ECF No. 6-2, PageID.46.) That denial was based, in part, on the finding that DHS had proven by clear and convincing evidence that Petitioner was a danger to the community. (*Id*.) In her § 2241 petition, Petitioner challenges the findings of the Detroit Immigration Court in that order, arguing that it did not properly consider the evidence and that the decision to deny bond to Petitioner was not supported by the evidence. (*see* Pet., ECF No. 1, PageID.2; Reply, ECF No. 8, PageID.60.) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted her administrative remedies. (Resp., ECF No. 6, PageID.33.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d

4

at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner challenges the decision to deny her request for a change in custody status, Petitioner's specific claims involve challenges to the immigration judge's factual determinations in the bond decision. (*See* Pet., ECF No. 1.) Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. There is no indication in the record before this Court that Petitioner appealed the Detroit Immigration Court's denial of bond to the BIA. In fact, Petitioner waived her right to appeal that order. (First Order Immigration Judge, ECF No. 6-2, PageID.47.) Therefore, Petitioner did not exhaust her administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    <u>March 26, 2026</u>                     <u>/s/ Robert J. Jonker</u>
                                                                    Robert J. Jonker
                                                                    United States District Judge